***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms Deputy Commissioner Glenn's Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Deputy Commissioner are:
 FINDINGS OF FACT
1. Plaintiff is an inmate of the North Carolina Department of Correction.
2. Plaintiff filed a Tort Claim Affidavit with the Industrial Commission on March 8, 2002, alleging negligence on behalf of Correction Officer Scott Powell and Sergeant Derrick Scott.
3. Plaintiff, on September 27, 1999, was transported from Durham County Jail to Central Prison in full restraints.
4. The State vehicle Plaintiff was being transported in was struck by another vehicle.
5. Plaintiff was not wearing a seat belt at the time of the collision.
6. Plaintiff alleges that he sustained injuries to his back, neck and knee as a result of the automobile accident in which he was involved. Plaintiff was being taken to Central Prison so that he could be treated for a pre-existing knee problem to the same knee he claims to have injured in the accident.
7. Plaintiff did not offer any evidence that the injuries he alleges he sustained in the accident required that he seek or receive any medical treatment, other than his testimony. Plaintiff offered no medical records or testimony of any medical providers of any treatment he received as a result of the alleged injuries.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury.
2. Plaintiff failed to present evidence of a negligent act or omission on the part of an employee of Defendant as required by N.C. Gen. Stat. §§ 143-291 and 143-297(5).
3. That Plaintiff's claim should be dismissed with prejudice.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Undersigned enters the following
 AWARD
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each party shall bear its own costs.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER